IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| CORNELIUS ANTWON TITUS, ) | |
| TDCJ No. 1143943, ) | |
|          Petitioner, ) | |
| ) | |
| v. ) | Civil No. 7:13-CV-095-O-BL |
| ) | |
| WILLIAM STEPHENS, Director, ) | |
| Texas Department of Criminal Justice, ) | |
| Correctional Institutions Division, ) | |
|          Respondent. ) | |

ORDER ACCEPTING FINDINGS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

After making an independent review of the pleadings, files and records in this case, of the Report and Recommendation of the United States Magistrate Judge, and of Petitioner's objections thereto, I am of the opinion that the findings of fact, conclusions of law, and reasons for dismissal set forth in the Report and Recommendation of the Magistrate Judge are correct and they are hereby adopted and incorporated by reference as the Findings of the Court with regard to Petitioner's habeas claims.

In the relief section of his original petition, Titus asks to be given a fair hearing so that he can present evidence to show that the disciplinary action was taken against him for the purpose of retaliation because he had complained of being sexually harassed. Petition ¶ 21. Although it appears in the relief section of his petition, Titus asserts that he suffered unlawful retaliation. Such a claim is cognizable under the Civil Rights Act. *See Woods v. Smith*, 60 F.3d 1161, 1165 (5th Cir. 1995) (holding that when action by a prison official is motivated by retaliation against a prisoner for

exercising a constitutionally protected right, the claim is actionable under the Civil Rights Act, even if the official's action, when taken for a different reason, might have been legitimate).

Petitioner's retaliation claim should be reviewed by the Court as a claim cognizable under 42 U.S.C. § 1983, and, assuming he's not barred from filing, Petitioner should be afforded an opportunity to further develop this claim in the context of a civil rights action. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994); *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987) ("[I]n instances in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims."); *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983) (recognizing that review of the merits of *pro se* prisoners' claims are controlled by the essence of pleading rather than the label attached).

For the reasons stated above, the petition for writ of habeas corpus is DENIED.

Petitioner's retaliation claim shall be severed from the instant habeas action. The Clerk of Court is directed to open a new civil rights action with Cornelius Antwon Titus as the Plaintiff and John Doe as the Defendant.

Copies of this order shall be docketed in the instant case and in the new civil rights action.

SO ORDERED this 15th day of August, 2013.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE